Mr. Justice Gantt
delivered the opinion of the court.
The defendant was charged with having sold liquor to a slave. *299 whose name was inserted in the indictment, without the addition of the Christian name of the owner, to whom the slave belonged; under the charge of the presiding judge, the defendant was found guilty. The following grounds of appeal have been taken for a new tria1, and in arrest of judgment, viz : “ That the indictment charged the property as belonging to Lucas, when it should have set forth his Christian name, as the evidence proved that there were three persons of the same yiarne.” The authorities are clear, that with respect to the description in an indictment of persons other than the defendant, if it be “ certain to a common intent,” it is sufficient ; as in the case of an indictment for larceny, laying the goods stolen to be the property of Victory Baroness Tuckheim, by which appellation she was k ¡own, was held good, though her real name was Selima Vietoire ; so an indictment for forgery of a draft addressed to Messrs. Drummond & Company, Charing Cross, by the name of Mr. Drummond, Charing Cross, without stating the names of Sir. Drummond’s partners, was hold sufficient. See 1st Chilty’s Criminal Law, p. 145, and the authorities there cited.
Seymour, for motion.
ATTORNEY GENERAL, COntra.
Under the sanction of the decision, in the case of the State vs. Thomas Crank, for murder, reported in 2d Bailey, 66, it may well be questioned, whether there exists any.legal necessity of inserting in an indictment, the name of the owner of the slave, for an of-fence like the present. Crank was indicted as accessary to a murder, committed by a slave ; it was held sufficient to describe the slave by her own name, without setting out that of the master; and this on a motion in arrest of judgment, for the omission of not having inserted the name of the owner.
The offence under the act of assembly, consists in selling liquor to a slave, to whomsoever the negro may belong ; some description by way of identifying the owner, has been adjudged to be proper ; but the minuteness insisted on, is deemed by die court unnecessary. They think too, that the objection comes too late after verdict. Thai the proper course to take advantage of a want of certainty in the description, is by demurrer, or motion to quash the indictment. See 2d Bailey’s Reports, 70, 71.
The motion made in this case, for a new trial, and in arrest of judgment, must fail. R. GANTT.
We concur,
JOHN B. O’NEALL,
A. P. BUTLER.
JOtsIAU S. EVANS,